UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10405-RWZ

UNITED STATES OF AMERICA

v.

STEPHEN W. AUSTIN and LINDA P. AUSTIN

ORDER

April 23, 2010

ZOBEL, D.J.

The United States sued to reduce to a judgment joint tax liabilities assessed against Stephen and Linda Austin for the tax years 1992, 1993, and 1995, and trust fund tax liabilities assessed against Stephen Austin as the responsible person for National Fire and Medical Services in the fourth quarter of 1998, and Decatur House in the third quarter of 2005 and the second, third, and fourth quarters of 2006.  Plaintiff now moves for summary judgment on the entire complaint but does not oppose an earlier filed defense motion to dismiss the 1992 tax period from the complaint. Defendants move for summary judgment in regard to the 1993 tax year but do not oppose the entry of judgment in regard to the 1995 tax year and the trust fund liability. Thus, the sole contested issue pertains to the 1993 tax liability.

**I.      Background**

A lawsuit to collect on an assessment is subject to a ten-year statute of limitations.  26 U.S.C. § 6502.  Certain events prevent the IRS from filing a lawsuit and

toll the statute of limitations, including the pendency of a bankruptcy petition, 26 U.S.C. § 6503(h), a pending offer to compromise a tax liability, 26 C.F.R. § 301.7122-1, and a pending installment agreement, 26 C.F.R. § 301.6331-4(c).

The IRS assessed the Austins' 1993 tax liability on April 24, 1995, and this lawsuit was filed on March 17, 2009, some thirteen years and 328 days later. During this period the Austins filed for bankruptcy and made two offers in compromise. The parties disagree as to the length of time these events tolled the limitations period for any collection action as to the 1993 tax liability, but the United States does not argue it was long enough to reach March 17, 2009.

Tolling depends on these facts which are undisputed. Stephen Austin telephoned the IRS on February 24, 2004, and discussed paying off the 1992, 1993, and 1995 tax debts with a series of $1,000 installment payments, subject to his securing a loan to consolidate debts. The IRS collection representative entered information concerning the proposal into the IRS computer system and asked Austin to submit certain specific documents. An IRS contact representative reviewed Stephen Austin's account history on March 12, 2004, and retroactively coded the installment proposal as a pending installment agreement. The pending installment agreement was reversed out of the IRS computer system on August 21, 2004.

The Austins dispute that this proposal was, in fact, a pending installment agreement. This dispute is determinative of the 1993 tax liability. The parties agree that if there was a pending installment agreement then the limitations period for the

1993 tax liability was tolled past the March 17, 2009, filing of this litigation; if there was no pending agreement, the statute of limitations expired.[1]

**II.    Analysis**

The IRS may not bring a lawsuit for the collection of unpaid tax while an offer from the taxpayer to enter into an installment agreement to pay that tax is pending, plus 30 days after such an offer is rejected, 26 U.S.C. § 6331(k)(3)(A) (2000), and the statute of limitation for collection is tolled while a "proposed installment agreement is pending," plus 30 days after rejection, 26 C.F.R. § 301.6331-4(c).  The regulation further provides that a proposed agreement becomes pending when "it is accepted for processing."  Id. at § 301.6331-4(a)(2).

A taxpayer's proposed agreement may be accepted for processing even though it does not contain sufficient information to determine whether it should be accepted.  In the event the information is inadequate the IRS will request the taxpayer to provide necessary additional information.  Id.  An Internal Revenue Manual (the "Manual"), provided to collection representatives, lists the information the taxpayer must provide before a proposed agreement may be accepted for processing: identifying data, such as name and taxpayer ID; the tax liability to be covered by the payments; and a proposed periodic payment of a *specific* amount.  (Internal Revenue Manual § 5.14.1.3(4) (rev. July 1, 2002) (emphasis in original), Docket # 43 ex. 6.)

---

[1]The parties disagree on many dates and all the specific tolling calculations.  The court's independent calculations do not agree with either set of numbers.  However, because the parties agree that a pending installment agreement would toll the limitations period for the 1993 tax liability past the filing date of this case, there is no need to precisely fix the periods of tolling.

There is no dispute that Stephen Austin called the IRS on February 24, 2004, identified himself, discussed the 1992, 1993, and 1995 tax liabilities, and suggested a payment of $1,000 a month.  While this communication contained sufficient information pursuant to the Manual for the IRS to accept his proposal for processing, defendants argue that there were other fatal defects in both the information provided and the way the IRS handled the information.

First, defendants assert that the offer to pay $1,000 a month was conditioned on their securing a loan to consolidate various debts, and a conditional offer to pay cannot support a proposed installment agreement.  They cite no authority for this proposition and the argument is not persuasive.  The proposed agreement is inherently conditional, as it depends on IRS acceptance, and the IRS is expressly authorized to request further financial information related to the proposal.  The court cannot therefore assume that the IRS would never process an installment agreement with a conditional offer to pay.

Second, defendants contend that the IRS could not accept the proposed agreement because essential information including the dates and term of payment was not provided, the trust fund liability was not included, and the monthly payment was insufficient to satisfy the debt in the time allowed by law.  This may be true.  It is also irrelevant.  The issue is whether the proposed agreement could be processed, triggering the stay and tolling the limitations period, not whether the agreement as initially proposed could have been accepted.

Third, defendants argue that the proposed installment agreement was not coded

as such in the IRS computer within the 24 hours required by the Manual.  (Id. at § 5.14.1.3(3).)  In the Manual that requirement is immediately followed by a reminder of the principle underlying this entire "pending agreement" regulatory scheme: "These codes prevent levy issuance." (Id.)  This scheme serves to protect a taxpayer who proposes an installment agreement from a levy or court action while that proposal is pending before the IRS, and the 24-hour rule ensures that the protection attaches immediately.  It would be inconsistent to hold that an IRS failure to code the agreement as pending within 24 hours, through no fault of the taxpayer, renders the proposal void and thereby deprives the taxpayer of the benefit of the levy and litigation stay.

### III.    Conclusion

Stephen Austin called the IRS on February 24, 2004, to propose a plan for the payment of back taxes.  His proposal included sufficient information for the IRS to formally process it for acceptance, and the IRS did so.  The stay on IRS levies and lawsuits was triggered and the statute of limitations was tolled.[2]  In combination with the tolling from the two offers in compromise and the bankruptcy, the statute of limitations for the 1993 tax year was extended past the date this lawsuit was filed.

Defendants' motion to dismiss the 1992 tax liability from the complaint (Docket # 29) is ALLOWED.  Defendants' motion for summary judgment (Docket # 37) is

---

[2]Defendants' "motion to add an additional fact" (Docket # 57) argues that collection activity was not stayed, as required if an installment agreement were pending, because the IRS issued a notice of intent to levy.  The statute prohibits only court action and levy, 26 U.S.C. § 6331(k), and regulation specifically permits the IRS to take actions other than levy, 26 C.F.R. § 301.6331-4(b).

DENIED.  Plaintiff's motion for summary judgment (Docket # 42) is ALLOWED IN PART.

Defendants' motions to compel discovery (Docket ## 34, 35) are DENIED AS MOOT.  Plaintiff's motion to conform statement of material facts (Docket # 45) is ALLOWED.  Defendants' motion to strike and amended motion to strike (Docket ## 53, 54) are DENIED AS MOOT.  Defendants' motion to add an additional material fact (Docket # 57) is DENIED AS MOOT.

|  |  |
|---|---|
| April 23, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |